UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                    :
In re:                                                                                   : Chapter 11
                                    :
KAFKA CONSTRUCTION, INC.,                     : Case No. 18-42637 ESS
                                    :
                                    :
                 Debtor.                                :
                                    :
------------------------------------------------------------------x

### ORDER CONFIRMING FIRST AMENDED CHAPTER 11 PLAN FILED BY KAFKA CONSTRUCTION, INC. AND SETTING SUPPLEMENTAL ADMINISTRATIVE BAR DATE, AS WELL AS <u>DEADLINE FOR FEE CLAIMS AND REJECTION DAMAGE CLAIMS</u>

A petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") having been filed on May 7, 2018 by Kafka Construction, Inc. (the "Debtor"); and the Debtor having filed with this Court a First Amended Chapter 11 Plan [Dkt. No. 188] (the "Plan") and a First Amended Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code (the "Disclosure Statement"), both dated August 30, 2021; and

By Order dated September 10, 2021 (the "Approval Order"), this Court, *inter alia*, (i) approved the Disclosure Statement as containing adequate information in accordance with Section 1125 of the Bankruptcy Code, (ii) authorized the transmittal of a solicitation package (the "Solicitation Package") to all creditors entitled to vote under the Plan, fixed October 21, 2021 as the last date for receipt of Ballots[1] accepting or rejecting the Plan, fixed October 21, 2021 as the

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed in the Plan or the Approval Order, as applicable.

last date for filing objections to confirmation of the Plan, and (iii) scheduled the hearing confirmation of the Plan to occur on October 28, 2021 (the "Confirmation Hearing"); and

It appearing from the affidavits of service on file with this Court that the Solicitation Package has been served in accordance with the Approval Order; and the Ballots of acceptances and rejections of the Plan by the holders of Claims entitled to vote having been received and tallied; and upon the Certification of Ballots by Spence Law Office, P.C. ("Spence"), as Balloting Agent; and the Confirmation Hearing having been conducted on October 28, 2021 (the "Confirmation Hearing"); and no objections to Confirmation having been filed; and after hearing evidentiary testimony as proffered; and upon the record of the Confirmation Hearing and of all proceedings heretofore had herein; and due deliberation having been had, and sufficient cause appearing to me therefor; and

As a result of the Confirmation Hearing, this Court having determined and found that:

A.  Pursuant to 28 U.S.C. §§ 157 and 1334, this Court has jurisdiction over the Debtor's bankruptcy case and all contested matters and adversary proceedings therein or relating thereto. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (L) and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed, and this Court shall retain jurisdiction for all purposes under and in connection with the Plan, Confirmation of the Plan and all disputes arising out of or relating to the Confirmation and consummation of the Plan and under and in connection with all documents executed in furtherance of the Plan;

B.  All persons, entities or governmental agencies entitled or required to receive notice have received due, proper and adequate notice of the Confirmation Hearing;

C.  The Plan complies with the applicable provisions of chapter 11 of the Bankruptcy Code, including, without limitation, the proper classification of Claims as permitted by section 1122 of the Bankruptcy Code;

D.  The Debtor has complied with the applicable provisions of the Bankruptcy Code;

E.  Pursuant to section 1123(a) of the Bankruptcy Code, the Plan: (i) specifies those Classes of Claims and Interests that are not impaired under the Plan, (ii) specifies the treatment of each Class of Claims and Interests that is impaired by the Plan, (iii) provides the same treatment for each Claim or Interest of a particular Class, unless the holder of a particular Claim or Interest agrees to a less favorable treatment of such particular Claim or Interest, and (iv) provides adequate means for the implementation of the Plan;

F.  The Plan has been proposed in good faith and not by any means forbidden by law;

G.  Pursuant to section 1126(b) of the Bankruptcy Code, the solicitation of votes to accept or reject the Plan was in compliance with all applicable law, rules and regulations governing the adequacy of disclosure in connection with such solicitation, and such solicitation was conducted after disclosure of adequate information as defined in section 1125 of the Bankruptcy Code;

H.  The selection of Christopher Vardaros to continue to manage the Debtor is consistent with the interests of creditors and equity security holders and with public policy;

I. (i) Any payment made or promised by the Debtor or by any person issuing securities or acquiring property under the Plan, for services or for costs and expenses in, or in connection with, the Debtor's Chapter 11 Case, or in connection with the Plan and incident to the Debtor's Chapter 11 Case, has been disclosed to this Court; and (ii) any payment made before confirmation of the Plan is reasonable, or if such payment is to be fixed upon or after confirmation of the Plan, such payment is subject to the approval of the Court as reasonable; with respect to each Class designated by the Plan, each Holder of a Claim or Interest in such Class has accepted the Plan, or will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date of the Plan, that is not less than the amount such Holder would receive or retain if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date;

J. The treatment under the Plan of Claims of the type specified in section 507 of the Bankruptcy Code complies with the provisions of section 1129(a)(9) of the Bankruptcy Code;

K. At least one Class of Claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider holding a Claim in such Class;

L. With respect to the Claims specified in Classes 1 and 5 of the Plan, if any, such Claims are unimpaired under the Plan and those Classes are deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code;

M. With respect to the Claims of the kind specified in Classes 2, 3, 4, 6, 7, and 8, timely received ballots in each Class accepted the Plan;

N. All of the applicable requirements of section 1129(a) and (b) of the Bankruptcy Code have been met with respect to the Plan;

O. The third party releases set forth in the Plan are appropriate under the circumstances of this case and should therefore be approved under applicable case law;

P. Confirmation of the Plan is not likely to be followed by the need for further financial reorganization of the Debtor and the Court finds that the Plan is feasible pursuant to section 1129(a)(11) of the Bankruptcy Code;

Q. No governmental or regulatory commission has jurisdiction over rates charged by the Debtor;

R. The procedures by which the Ballots were distributed and tabulated were fair, properly conducted and complied with the prior orders of this Court;

S. All fees payable under 28 U.S.C. § 1930 have been paid or will be paid on or before the Effective Date, and thereafter will be paid in the ordinary course;

T. The Debtor is not obligated to provide retiree benefits;

U. The Debtor is not required to pay a domestic support obligation;

V. The Debtor is not an individual and therefore section 1129(a)(15) of the Bankruptcy Code is inapplicable;

W. No transfers of property are being made by a non-profit entity under the Plan; and

X. The objections to Confirmation, if any, that were not withdrawn, are overruled.

IT IS THEREFORE ORDERED, ~~DECREEED AND ADJUDICATED~~ THAT:

1. The findings set forth hereinabove are hereby incorporated and shall be deemed to be an Order of this Court. This Court's oral findings of fact and conclusions of law, if any, made at the Confirmation Hearing are further incorporated herein by reference.

2. The Plan dated August 30, 2021 with the changes set forth in paragraphs 3, 4, 5 and 6 below be, and hereby are, approved and confirmed pursuant to section 1129 of the Bankruptcy Code; and the Debtor be, and hereby is, authorized to take all steps necessary to effectuate consummation of the Plan and the payments and distributions therein set forth, all in conformity with the terms of the Plan.

3. The phrase "*of the SCA Settlement*" in Article III(B)(1)(b) (Class 2) of the Plan shall be deleted.

4. The phrase "*of the SCA Settlement*" in Article IV(B)(1)(ii) of the Plan shall be deleted.

5. Article III (B)(1)(Class 5) of the Plan is hereby amended as follows:

**Class 5 –Secured Claim of Wells Fargo**
*Classification*: Class 5 consists of ~~Class 5 consists~~ the Allowed Secured Claim of Wells Fargo Equipment Finance ~~and its~~ secured ~~claim of $11,883.30.~~ by a certain used 2006 Telehandler ~~-~~( the "Wells Fargo Collateral").

*Treatment*: The Wells Fargo will be ~~sold~~retained by the Debtor or surrendered to Wells Fargo in full satisfaction of the Wells Fargo Secured Claim. It is estimated that the value of the ~~collateral~~Wells Fargo Collateral is more than sufficient to satisfy the Wells Fargo Secured Claim in full. Notwithstanding the foregoing, the surrender of the ~~collateral~~Wells Fargo Collateral shall be in full satisfaction of the Wells Fargo Secured Claim regardless of the value of the ~~collateral.~~Wells Fargo Collateral.

In the event that the Debtor ~~sells collateral securing~~ surrenders the Wells Fargo ~~Secured Claim or surrenders such collateral~~Collateral, all expenses relating thereto, including but not limited to transportation, shipping, decommissioning and storage expenses, shall be borne by the Holder of the Wells Fargo Secured Claim~~.~~.; provided, however, Debtor will deliver the Wells Fargo Collateral to  Wells

> Fargo Equipment Finance and Debtor will arrange for and bear all attendant costs of said delivery if the delivery location is within 50 miles of the Wells Fargo Collateral's current location in College Point, NY. In the event the Debtor opts to retain the Wells Fargo Collateral, it shall remit to Wells Fargo Equipment Finance the amount of its Allowed Secured Claim, or such lesser amount as Wells Fargo may agree upon in writing, within forty-five (45) days of the Effective Date. The Debtor reserves the right to challenge the validity, nature and perfection of any Liens, and further reserve the right to avoid such Liens related to the Wells Fargo Secured Claim pursuant to the relevant provision of the Bankruptcy Code.
>
> *Voting*: Class 5 is Unimpaired, and is conclusively presumed to have accepted the Plan pursuant to Section 1126(f) of the Bankruptcy Code and is not entitled to vote to accept or reject the Plan.

6. Article V, paragraph "A" of the Plan is hereby amended to read as follows:

   ~~Assumption~~ Rejection of Unexpired Leases of Real Property. The Debtor is a party to one ~~unexpired~~ month-to-month lease of real property, consisting of its headquarters at 39-24 28th Street, Long Island City, NY 11101. As of the Effective Date, this lease shall be ~~assumed~~rejected~~, and all payments to be made thereunder shall be made by third parties, if at all, and not from the Plan funding described herein and in the Plan.~~ The landlord under the Unexpired Lease of Real Property, shall waive any distribution from the Reorganized Debtor under the Plan for any ~~administrative~~ claim it may have against the Debtor.

7. Christopher Vardaros be, and hereby is, appointed as post-confirmation manager of the Debtor and is authorized to perform the duties set forth in the Plan.

**8. <u>Supplemental Administrative Claim Bar Date</u>. Proofs of claim or applications for payment of Administrative Claims (other than Accrued Professional Fee Claims) arising subsequent to May 7, 2018 and before the Confirmation Date (the date of entry of this Order) must be filed with the Court and served as set forth in the Plan no later than thirty (30) days following service of notice of entry of this Order. Any Person who fails to file such a proof of claim or application with the Court within that time shall be forever barred from asserting**

**such Administrative Claim including without limitation, against the Debtor, the Estate, or their property or commencing or continuing any action, employment of process, or act to collect, offset, or recover any such Administrative Claim.**

**9.     Fee Claims. All applications for payment of Fee Claims for services rendered through the Confirmation Date must be filed with the Court no later than thirty (30) days following service of notice of entry of this Order. Any Person or entity that fails to file such an application on or before such date shall be forever barred from asserting such a Fee Claim against any of the Debtor, the Estate, or their property and the holder thereof shall be permanently enjoined from commencing or continuing any action, employment of process or act to collect, offset or recover such a Fee Claim.**

**10.    Rejection Damage Claim. Any Claim for damages arising by reason of the rejection through the Plan of any pre-petition executory contract or unexpired lease must be filed on or before thirty (30) days following service of notice of entry of this Order, and upon the failure of any entity to file such claim on or before such date, such entity shall be forever barred from asserting a claim on account of the rejection of such unexpired lease or executory contract, but shall nevertheless be bound by the provisions of the Plan. Nothing herein will extend any prior Bar Date set by prior order of the Bankruptcy Court.**

**11.    The Debtor must serve notice of entry of this Order on all creditors and parties-in-interest no later than five (5) business days after entry of this Order.**

**12.    Within two (2) business days of the Effective Date, the Debtor must file and serve notice of the Effective Date on all creditors and parties-in-interest. Such notice shall**

**include fixed dates for the Supplemental Administrative Claim Bar Date (detailed above in Paragraph 8) and the deadline for Fee Claims (detailed above in Paragraph 9).**

13. In the event of any inconsistency between: (a) the Plan, any order of this Court issued prior to the Confirmation Date, or any agreement, instrument or document intended to implement the Plan or be executed in furtherance of the Plan and (b) this Confirmation Order, the provisions of this Confirmation Order shall govern and shall supersede any such provision of the Plan, or any such agreement, instrument, document or order of this Court issued prior to the Confirmation Date which are inconsistent with this Confirmation Order.

14. The terms and provision of the Plan are incorporated into this Confirmation Order by reference thereto as if each term and provision was set forth herein as the findings, determinations and ordered provisions of this Order, and the failure to specifically include any particular term or provision in this Confirmation Order shall not diminish or impair the force or effect of such term or provision of the Plan.

15. This Court hereby ***may*** retain jurisdiction for the purposes provided for in the Plan, for such other purposes as may be necessary to aid in the confirmation, consummation and implementation of the Plan, and to enforce the Injunction provided for in Article VIII of the Plan, and for purpose for which this Court previously retained jurisdiction by any prior order of this Court.

16. All fees owing to the Office of the Clerk of the Bankruptcy Court must be paid in full by the Debtor within ten (10) days hereof.

17. All fees due and payable under 28 U.S.C. § 1930 shall be paid by the Debtor on or before the Effective Date of the Plan. The Debtor shall continue to make payments due under 28

U.S.C. U.S.C. § 1930, plus, to the extent due and payable thereunder, interest pursuant to 31 U.S.C. § 3717, until the entry of a Final Decree, dismissal of the Chapter 11 Case or conversion of the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code.

18. The Debtor shall file quarterly Post Confirmation Reports and schedule quarterly post-confirmation status conferences with the Court.

19. On motion of the Debtor at the Confirmation Hearing, the stay of this Order pursuant to 11 U.S.C. §3020(e) is waived and otherwise inapplicable.



Dated: Brooklyn, New York
November 18, 2021

_____
Elizabeth S. Stong
United States Bankruptcy Judge